```
                    UNITED STATES DISTRICT COURT FOR THE
                       MIDDLE DISTRICT OF PENNSYLVANIA


    GEORGE CHUKWUEMEKA OBI,         :
                                    :
              Petitioner            :
                                    :   CIVIL NO. 1:CV-05-2531
         vs.                        :
                                    :   (Judge Caldwell)
    WARDEN MS. K. HOGSTEN, et       :
    al.,                            :
                                    :
              Respondents.          :
```

*M E M O R A N D U M*

*I.     Introduction*.

On December 7, 2005, Petitioner George Chukwuemeka Obi filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Obi was in the custody of the Federal Bureau of Prisons ("BOP") when he filed his Petition, serving two concurrent sentences for conspiracy to possess with intent to distribute and to distribute heroin.[1] On or about December 16, 2005, Obi was released by the BOP.[2] Obi, who is presently detained at the York

---

[1] The Court takes judicial notice of our findings in Obi's earlier petition for writ of habeas corpus filed pursuant to § 2241 challenging, *inter alia*, the legality of his confinement by the BOP. *See Obi v. Williamson*, 1:05-CV-0778 (M.D. Pa. November 2, 2005).

[2] The Court takes judicial notice of Obi's release date as reflected by the BOP's Inmate Locator available at www.bop.gov. In his Petition, Obi requested a restraining order seeking to prevent his transfer from BOP custody to the United States Bureau of Immigration and Customs Enforcement custody. This issue is now

County Prison, challenges the constitutionality of his continued detention by the United States Bureau of Immigrations and Customs Enforcement ("ICE") during his challenge to his order of removal. Petitioner has paid the requisite filing fee in this matter.

This matter is before the Court for screening.  *See* 28 U.S.C. § 2243. For the reasons set forth below, the petition will be denied.

*II.    Background.*

Petitioner is a native of Nigeria.  (Doc. 1, Exhibit C). According to Obi, in 2002, ICE lodged an immigration detainer against him for the purpose of pursuing a removal investigation. (*Id.*, Exhibit E).  In July 2003, the Immigration Judge ("IJ") granted the parties' joint motion to administratively close Obi's immigration case.  (*Id.*, Exhibit B).  At that time Obi was confined within the BOP.  (*Id.*, Exhibit C).

In 2004, ICE resumed removal proceedings against Obi predicated on his drug charges.  By Order dated April 13, 2005, the IJ directed Obi be removed from the United States.  Obi appealed the decision of the IJ's to the Board of Immigrations Appeals ("BIA").  The BIA remanded the case to the IJ because the tapes of testimony from the immigrations hearings are missing.

---

moot based on Obi's release from BOP custody.

(*Id.*, Exhibit D).  The BIA directed the Immigration Court to "take such steps as are necessary and appropriate to enable preparation of a complete transcript of the proceedings including a new hearing, if necessary."  (*Id.*)

On November 30, 2005, Obi appeared before the same IJ that previously presided over his case.  The IJ continued the matter until December 21, 2005, "hoping to rechoreograph the lost transcripts he did not conduct in 2004".  (Doc. 1, Petition).  Obi claims the loss of these transcripts creates enough prejudice that he can no longer obtain a fair hearing in the matter.

Obi additionally challenges the validity of the charges upon which ICE is basing his removal.  This matter was previously addressed, and resolved, by our decision in *Obi v. Williamson*, 1:05-CV-0778 (M.D. Pa. November 2, 2005).  Obi also argues that the BIA proceedings were "not about petitioner in person but a corporate personality as it's Order dated October 28, 2005, shows: Name:*F-OBI GEORGE CHUKWUEMEKA" and was "not on behalf of Respondent: Pro se not Hon. George Chuwkuemeka Obi."[3]  (Doc. 1, Petition; Exhibit D).  Finally, Obi suggests that IJ's continuation of this matter, in lieu of dismissing it, constitutes

---

[3] Petitioner offers no facts to suggest that the caption of the BIA's remand order is nothing more than a typographical error. He offers no evidence to suggest that the individual who is the subject of the BIA's remand order is someone other than the Petitioner.

-3-

an ex post facto violation as the removal proceedings should not continue after he has served his sentence for the crime giving rise to his removal.  As such, ICE has no basis for detaining him. Obi contends that his constitutional rights are being violated by his continued detention under the present circumstances.

*III.   Discussion*.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See*, e.g., *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without receipt of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*,400 U.S. 906, 91 S.Ct. 147, 27 L.Ed.2d 143 (1970).  Accord *Love v. Butler*, 952 F.2d 10, 15

(1st Cir.1991).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  *Allen*, 424 F.2d at 141.

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States.[4] Although § 1226(a) permits release of aliens on bond, at the discretion of the Attorney General, custody is mandated for certain classes of aliens under § 1226(c) who are removable as individuals convicted of one of a specified set of crimes.  Upon the face of the Petition, and the supporting documents attached to it, it is clear that Obi's April 3, 2005, order of removal is not administratively final and that his detention is authorized by 8 U.S.C. § 1226(c); as such, his detention is mandatory.

The United States Supreme Court held in *Demore v. Hyung Joon Kim,* 538 U.S. 510, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003), that mandatory detention under 8 U.S.C. § 1226(c) during the pendency of removal proceedings does not violate the protections

---

[4] This provision allows for the arrest and detention of aliens criminally incarcerated, and well as those who reside in the community at large.

guaranteed under the Constitution.  In *Demore,* a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him.[5]  The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings.  *See id.*, 538 U.S. at 523-524, 123 S.Ct. at 1717-1718.  Therefore, as Obi's detention is both mandatory and constitutionally permissible, his petition for release from custody will be denied.

  An appropriate order will be entered.

            /s/William W. Caldwell
            William W. Caldwell
            United States District Judge

Date: January 6, 2006

---

[5]  In Obi's case, he has been held in ICE custody for less than one month as he was released from the BOP on December 16, 2005.

```
             UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| GEORGE CHUKWUEMEKA OBI, | : |
| | : |
| Petitioner | : |
| | :   CIVIL NO. 1:CV-05-2531 |
| vs. | : |
| | :   (Judge Caldwell) |
| WARDEN MS. K. HOGSTEN, *et al.*, | : |
| | : |
| Respondents. | : |

*O R D E R*

AND NOW, this 6th day of January, 2006, in accordance with the accompanying Memorandum, it is ordered that:

1. The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is denied.

2. The Clerk of Courts is directed to modify the docket to reflect Obi's current address at the York County Prison, York, Pennsylvania.

3. The Clerk of Court is directed to close this file.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge